IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RUBY BYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4131-CV-C-RED |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ruby Byers ("Byers") seeks judicial review of the Commissioner's denial of her request for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law,

(4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## DISCUSSION

Byers argues that the ALJ (1) failed to consider Byers's knee pain, headaches, and mental impairment when determining her RFC, and (2) improperly used the medical-vocational guidelines.

### *The ALJ properly considered Byers's alleged knee pain, headaches, and mental impairment when determining her RFC.*

The ALJ determined that Byers retained the RFC "to perform the full range of sedentary work, as she is precluded from prolonged walking or standing and lifting in excess of ten pounds." Byers first argues that the ALJ failed to consider her knee pain. However, the ALJ explicitly considered Byers's subjective complaints of knee pain and determined that her complaints were not fully credible because no examining physician noted disabling knee pain and because Byers failed to follow doctors' advice to exercise and do physical therapy. *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("an ALJ may properly consider the claimant's

3

noncompliance with a treating physician's directions, including failing to take prescription medications, seek treatment, and quit smoking"); *see also Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) ("[i]mpairments that are controllable or amenable to treatment do not support a finding of disability, and failure to follow a prescribed course of treatment without good reason can be a ground for denying an application for benefits"). The Court also notes that Byers worked with the knee pain in the past. The ALJ considered Byers's knee pain. The ALJ did not ignore the knee pain as Byers suggests. Instead, the ALJ found that Byers's knee pain precludes her from prolonged walking or standing and lifting in excess of ten pounds, but the knee pain does not preclude Byers from performing the full range of sedentary work. This decision is supported by substantial evidence on the record as a whole.

Byers next argues that the ALJ failed to consider her headaches. However, the ALJ explicitly considered Byers's headaches but found that the headaches were "controlled" with medication, her headache condition was "relatively stable," and Byers worked despite having headaches for a number of years. The ALJ also noted that no physician identified disabling limitations caused by the headaches. The ALJ considered Byers's headaches. The ALJ did not ignore limitations caused by those headaches as Byers suggests. The ALJ decided that Byers's headaches did not preclude her from performing the full range of sedentary work, and that decision is supported by substantial evidence on the record as a whole.

Byers also argues that the ALJ failed to consider her mental impairment. A number of medical records and opinions were presented in this case regarding Byers's depression. The ALJ explained these records and opinions in detail in his decision. The ALJ, however, found that Byers's depression did not impair her ability to perform the full range of sedentary work. The

4

ALJ's decision sets forth a multitude of reasons for discrediting Byers's subjective complaints about her depression and the opinions of doctors regarding Byers's depression. The Commissioner has reiterated a number of the ALJ's statements in this regard. The Court will not belabor the point by repeating those reasons here. However, the Court (as well as the ALJ and the Commissioner) notes that the medical records are replete with references to Byers's refusal to take anti-depressant medications and to attend counseling as prescribed by her doctors. The records also note on multiple occasions that when Byers takes her medication, her depression improves. *Choate*, 457 F.3d at 872; *Kelley*, 133 F.3d at 589; *Ellis v. Barnhart*, 392 F.3d 988 (8th Cir. 2005) (citing improvement on medication as evidence supporting a finding of not disabled). The ALJ did not ignore Byers's depression as she suggests. Rather, the ALJ determined that Byers's depression did not impair her ability to perform the full range of sedentary work. This decision is supported by substantial evidence on the record as a whole.

### *The ALJ properly used the medical-vocational guidelines.*

Byers argues that the ALJ should not have used the medical-vocational guidelines because non-exertional impairments resulting from Byers's pain, headaches, and depression existed. Byers's argument in this regard repeats her argument that the ALJ should have included additional limitations related to Byers's knee pain, headaches, and mental impairment in his RFC determination. Had additional RFC limitations been warranted in this case, the ALJ may have been required to obtain evidence from a vocational source outside the medical-vocational guidelines. However, as the Court more fully articulates above, the ALJ's decision not to include the additional limitations Byers argues for is supported by substantial evidence on the record as a whole. Accordingly, the ALJ properly found that Byers could perform the full range

5

of sedentary work.  Therefore, the ALJ followed the proper procedure by using the medical-vocational guidelines to conclude that Byers was not disabled.

## CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions in this case.  Accordingly, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATE: April 8, 2009   /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT